UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RICHARD GAMBINO, and on behalf of himself and all others similarly situated,

                              Plaintiff,

    -against-

SOIL MECHANICS DRILLING CORP., CARL VERNICK, and VINCENT NANTISTA,

                              Defendants.

-------------------------------------------------------------------------X

**COLLECTIVE AND CLASS ACTION COMPLAINT**

No. 18-5865

**Jury Trial Demanded**

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Richard Gambino, on behalf of himself and all others similarly situated, by and through their attorneys, FAMIGHETTI & WEINICK, PLLC., alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. This is a civil action based brought by Plaintiff on his behalf and on behalf of similarly situated employees, alleging Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and the New York State Labor ("NYLL"), Article 6 § 190 *et. seq.* to recover, *inter alia*, overtime compensation, and other penalties owed to Plaintiff by Defendants.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Supplemental jurisdiction is invoked over State and local causes of action pursuant to 28

U.S.C. § 1367.

3.  Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, occurred in this district.

## PARTIES

4.  Gambino is resident of the State of New York, County of Suffolk.

5.  Soil Mechanics Drilling Corp. ("Soil Mechanics") is a New York State corporation with its principal place of business in Nassau County, New York.

6.  Carl Vernick is the owner and CEO of Soil Mechanics. Vernick lives in Suffolk County, New York and works in Nassau County, New York.

7.  Vincent Nantista is the Vice-President of Soil Mechanics. Nantista lives and works in Suffolk County, New York.

8.  Vernick and Nantista had the authority to hire and fire Soil Mechanics employees and were responsible for setting and enforcing the employee pay policies and practices alleged herein.

## FACTS

9.  Soil Mechanics is in the business of providing geotechnical, environmental, and

construction testing and inspection services in the New York City metropolitan area.

10. Soil Mechanics employs more than 75 employees and provides its services to more than 800 construction projects per year.

11. Soil Mechanics earned more than $500,000 in revenue per year during the relevant time period.

12. In December 2007, Soil Mechanics hired Gambino as an inspector.

13. As an inspector, Gambino's job responsibilities included traveling to construction sites to inspect the sites for such matters as concrete, soil, and steel.

14. Soil Mechanics paid Gambino an hourly rate for the hours he worked, including hours worked more than 40 in a week.

15. Most recently, that hourly rate was $23.375 per hour.

16. Defendants did not pay Gambino an overtime rate of pay for hours worked over 40 in a week; instead they paid him the regular hourly rate.

17. If Gambino worked less than 40 hours per week, Defendants did not pay Gambino for 40 hours, but instead paid Gambino for only the actual hours he worked.

18. As examples of the foregoing, for the pay period of October 9, 2017 to October 15, 2017, Gambino worked 48 hours.

19. For this workweek, Defendants paid Gambino $1,122.00, or $23.375 for every hour which was his regular rate of pay.

20. In other words, for the October 9, 2017 to October 15, 2017 workweek, Defendants did not pay Gambino an overtime rate of pay for the hours worked over 40.

21. Likewise, for the August 21, 2017 to August 27, 2017 pay period, Gambino worked 48 hours.

22. For this workweek, Defendants paid Gambino $1,122.00, or $22.750 for every hour which was his regular rate of pay.

23. In other words, for the August 21, 2017 to August 27, 2017 pay period, Defendants did not pay Gambino an overtime rate of pay for the hours worked over 40.

24. For the February 19, 2018 to February 25, 2018 pay period, however, Gambino worked only 36 hours, yet Defendants paid Gambino $841.50, or $23.375 per hour.

25. Similarly, for the April 24, 2017 to April 30, 2017 pay period, Gambino worked 39.75 hours for which Defendants paid Gambino at $22.750 per hour for a total of $904.31.

26. In other words, Defendants treated Gambino as a non-exempt FLSA employee and Gambino was in fact a non-exempt FLSA employee.

27. These pay periods are merely examples and do not reflect all pay periods for which Defendants did not properly pay Gambino overtime pay.

28. Moreover, Defendants paid all non-exempt employees in a similar improper manner, meaning Defendants did not pay an overtime rate of pay to other employees who worked more than 40 hours in a workweek.

29. Gambino typically worked 16 hours of overtime per month throughout his employment for which Defendants did not pay him an overtime rate of pay for any of the overtime hours.

30. On or about May 4, 2018, Defendants fired Gambino when he attempted to exercise rights under New York's Paid Family Leave Act.

**COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff brings claims under the FLSA as an "opt-in" collective action on behalf of all similarly situated employees of Defendants pursuant to 20 U.S.C. § 216(b).

32. The "Collective Class" is defined as: "All current and former non-exempt employees who will, are, or have worked for Defendants from within three years of the

commencement of this action and who have not been paid one and one-half times their regular rate for hours worked in excess of forty hours per week."

33. Plaintiff, on behalf of himself and the Collective Class, seek relief on a collective basis challenging Defendants' failure to pay a premium for overtime hours.

34. Plaintiff is similarly situated to other members of the Collective Class because he and the Collective Class have been subjected to the same unlawful wage payment practices of Defendants which deprived them and the Collective Class of overtime premiums.

35. Plaintiff's experiences are typical of the experiences of the other Collective Class members.

36. The Defendants' failure to pay overtime wages at the rates required by the FLSA results from generally applicable policies and practices, namely Defendants' policy of not paying overtime premium pay.

37. This policy and practice does not depend on the personal circumstances of any individual members of the Collective Class.

**CLASS ACTION ALLEGATIONS**

38. Plaintiff brings his New York State Law overtime claims as a class action pursuant to FRCP 23, on behalf of a class consisting of: All non-exempt employees of Defendants who were paid less than one and one-half times their regular rate for all hours worked in excess of forty hours per week, and at any time from six years prior to the date of filing of the initial

6

Complaint through the entry of judgment in this action (the "NY Overtime Class") premium for overtime hours.

39. The number of Rule 23 Class members identified above are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

40. Common questions of law and fact predominate over questions limited to individual Rule 23 Class members. These questions include:

   a. Whether Defendants paid members of the NY Overtime Class one and one-half times the hourly rate for all hours worked in excess of forty hours per workweek;

   b. Whether Defendants' conduct was willful, intentional and/or not in good faith; and

   c. Whether Defendants should be ordered to compensate Plaintiffs and the members of the Rule 23 Classes in an amount equal to the unpaid overtime.

41. The claims of the Plaintiff are typical of the claims of the Class members they seek to represent as the Plaintiff and the other members of the Rule 23 Classes were subject to the same unlawful policies of Defendants resulting in unpaid overtime.

42. Plaintiff and his counsel will fairly and adequately protect the interests of the Rule 23 Classes.

43. Plaintiff has no interests antagonistic to the interests of the Classes, and have retained counsel experienced in wage and hour and class action litigation.

44.  A class action is superior to other available methods to adjudicate this controversy. Plaintiff and members of the Rule 23 Classes lack the resources to adequately prosecute separate claims and the amounts that each individual stands to recover make individual cases impractical to pursue.

45.  The only practical chance for the workers to recover the wages owed to them is through a class action.

## **FIRST CLAIM**
(FLSA - OVERTIME)

46.  Plaintiff brings this claim on behalf of himself and the Collective Class.

47.  Defendants have failed to pay Plaintiffs and members of the Collective Class an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the FLSA.

48.  Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

49.  Defendants' conduct was willful, intentional, and/or not in good faith.

## **SECOND CLAIM**
(NYLL - Overtime)

50.  Plaintiff brings this claim on behalf of himself and the NY Overtime Class.

51.     Defendants have failed to pay Plaintiff and members of the NY Overtime Class an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the NYLL.

52.     Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

53.     Defendants' conduct was willful, intentional, and/or not in good faith.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs seek a trial by jury of all issues so triable in this action.

WHEREFORE, Plaintiff demands judgment against Defendants, where applicable, for all compensatory, emotional, physical, and punitive damages (where applicable), injunctive relief, liquidated damages, (where applicable), interest, and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.  Plaintiff demands a trial by jury.

Dated: Melville, New York
       October 19, 2018

                        FAMIGHETTI & WEINICK, PLLC
                        *Attorneys for Plaintiff*
                        25 Melville Park Road, Suite 235
                        Melville, N.Y. 11747
                        (631) 352-0050

        By:    __/s/_ Matthew Weinick_____
                MATTHEW WEINICK

## CONSENT TO JOIN COLLECTIVE ACTION TO RECOVER UNPAID WAGES

BY SIGNING BELOW, I, _Richard Gambino_, WISH TO PARTICIPATE IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER THE FAIR LABOR STANDARDS ACT AGAINST SOIL MECHANICS DRILLING CORP., AND ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.

I hereby appoint Matthew Weinick of the law firm Famighetti & Weinick PLLC, 25 Melville Park Road, Suite 235, Melville, New York 11747, telephone number 631-352-0050, as my attorneys.

NAME (print): _Richard Gambino_
ADDRESS: _138 New York Ave_
CITY: _Sound Beach_  STATE: _NY_  ZIP CODE _11789_
SIGNATURE: _[signed]_  DATE" _10/19/18_